■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; GUILLERMO J. FERRERO, Respondent. [997 NYS2d 643]—Per Curiam. Respondent, who was admitted to practice by this Court in 2001, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

McCarthy, J.P., Garry, Rose and Egan Jr., JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

(January 9, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE CAREY, Appellant. [997 NYS2d 920]—Defendant died on December 30, 2014. The criminal prosecution has abated by reason of defendant's death, which occurred without this Court's knowledge prior to this Court's memorandum and order decided and entered January 8, 2015 (see People v Castro, 84 NY2d 976 [1994]; People v Grana, 32 AD3d 1052 [2006]).

Now, therefore, upon the Court's own motion, it is ordered that the memorandum and order decided and entered January 8, 2015 is vacated and the appeal is dismissed, and it is further ordered that the matter is remitted to the County Court of Schenectady County to vacate the judgment of conviction and dismiss the accusatory instrument, sua sponte, or on application by the District Attorney or the attorney who appeared for defendant (see People v Matteson, 75 NY2d 745 [1989]; People v Pratt, 73 AD2d 698 [1979]).

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.